FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 22, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BECKY L., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY, <br><br> Defendant. | No. 1:21-CV-3104-JAG <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF Nos. 18, 19. Attorney D. James Tree represents Becky L; Special Assistant United States Attorney Heidi Triesch represents the Commissioner of Social Security. The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and briefs filed by the parties, the Court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment.

## I.    JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income in September 2013, alleging disability since September 30, 2008, due to bilateral knee pain, left foot pain, lower back pain, depression, colon cancer in remission, and learning disabilities. Tr. 15, 69, 97.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 1

Plaintiff's claim was denied initially and on reconsideration and she requested a hearing before an administrative law judge [ALJ]. Tr. 125, 129, 146, 156.

A hearing was held on September 9, 2015, at which vocational expert Trevor Duncan, and Plaintiff, who was represented by counsel, testified. Tr. 644. ALJ Kimberly Boyce presided. Tr. 24. The ALJ found Plaintiff disabled beginning on February 24, 2015, which was outside the insured dates, so denied benefits on October 28, 2015. *Id.* The Appeals Council denied review. Tr. 1306.

Plaintiff timely appealed. Judge Dimke granted the parties' stipulated motion for remand and remanded with the following instructions:

> On remand, the Appeals Council will first determine whether the record supports a finding of disability at a date prior to February 23, 2015. If further development is warranted, the Appeals Council will affirm the finding of disability as of February 23, 2015, and remand the case to the Administrative Law Judge to offer Plaintiff an opportunity for a new hearing. The ALJ shall also (1) reevaluate the opinions provided by Mary Pellicer, M.D. and William Drenguis, M.D., pursuant to the provisions of 20 C.F.R. §§ 404.1527 and 416.927; (2) give further consideration to Plaintiff's maximum residual functional capacity; and, (3) as warranted, obtain supplemental evidence from a vocational expert at step 5.

1:17-CV-3073-MKD, ECF No. 20.

ALJ Boyce held hearing to address the remanded issues on June 20, 2019, at which vocational expert Carter Hyatt, medical expert Eric Schmitter, and Plaintiff, who was represented by counsel, testified. The ALJ denied benefits on July 29, 2019. Tr. 559. Plaintiff again appealed.

Judge Dimke granted a stipulated motion for remand to allow the ALJ to "(1) reevaluate the evidence; (2) reevaluate Plaintiff's alleged symptoms; (3) reassess Plaintiff's RFC; (4) conduct a de novo hearing; and (5) issue a new decision." 1:19-CV-3236-MKD, ECF No. 17.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 2

A third hearing was held on June 1, 2021, before ALJ Timothy Mangrum, at which vocational expert William H. Weiss and Plaintiff, who was represented by counsel, testified. The ALJ considered the period of alleged disability from February 1, 2012, through February 23, 2015. The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).

Plaintiff filed this action for judicial review on August 23, 2021. ECF No. 1.

## II.  STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and are only briefly summarized here. At the time of the most recent hearing, Plaintiff was 61 years old. She earned her high school diploma and previously worked as a kitchen helper. As previously noted, Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income in September 2013, alleging disability since September 30, 2008, due to bilateral knee pain, left foot pain, lower back pain, depression, colon cancer in remission, and learning disabilities.

## III.  STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); see *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-99.  This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in past relevant work.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot do past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004).  If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V. ADMINISTRATIVE FINDINGS

On June 4, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in sections 216(i) and 223(d) of the Social Security Act for the period of disability and disability insurance benefits filed on September 18, 2013. Nor was Plaintiff disabled under section 1614(a)(3)(A) prior to February 23, 2015. The ALJ found that Plaintiff became disabled beginning on February 24, 2015.

At **step one**, ALJ Mangrum found that Plaintiff had not engaged in substantial gainful activity since February 1, 2012. Tr. 1252.

At **step two**, he found Plaintiff had the severe impairments of left shoulder degenerative joint disease, lumbar degenerative disc disease, osteoarthritis of the knees, obesity, learning disorder, and depressive disorder. Tr. 1252.

At **step three**, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Tr. 1252. The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform light work, with the following limitations:

> The claimant cannot climb ladders, ropes or scaffolds. She can occasionally climb stairs. The claimant can occasionally balance, stoop, crouch, kneel, or crawl. She must avoid concentrated exposure to hazards and excessive vibration. The claimant is limited to simple work-related instructions, tasks, and decisions with only occasional changes in the workplace.

Tr 1254.

At **step four**, the ALJ found that Plaintiff could not perform any past relevant work. Tr. 1259.

At **step five**, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC,

Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of products assembler, basket filler, and egg sorter. Tr. 1260

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from February 1, 2012, through February 23, 2015. Tr. 1261.

## VI.   ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends that the ALJ erred by (1) failing to meet the step 5 burden; (2) improperly assessing Plaintiff's testimony; and (3) improperly assessing medical opinions.  Defendant contends that ALJ did not err.

## VII.   DISCUSSION

A.   **ALJ's Assessment of Plaintiff's Testimony.**

Plaintiff contends that the ALJ improperly assessed Plaintiff's testimony.  It is the province of the ALJ to make determinations regarding subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment solely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's

testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). An ALJ may consider inconsistent statements by the claimant in assessing the reliability of her symptoms. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). An ALJ may also reasonably question a claimant's allegations if they are inconsistent with her demonstrated activities. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

The ALJ considered each of these factors. Specific, cogent reasons supported the ALJ's determinations. The ALJ found that not only were Plaintiff's alleged severe physical limitations inconsistent with clinical observation and objective findings, but also conflicted with Plaintiff's reported daily activities. Tr. 1255-56. The ALJ concluded that the record does not establish Plaintiff's alleged mental impairment. Tr, 1256. The ALJ found that the Plaintiff's allegations were undermined by clinical observations and testing that reflect adequate social function and ability to follow directions, as well as consistently unremarkable mental status exams. Tr. 1256. Further, the ALJ concluded that Plaintiff's failure to seek counseling and or medications after she was prescribed medications and after her report that medications improved her symptoms, demonstrates that the symptoms were insufficiently limiting to warrant treatment. Tr. 1256. The ALJ cited to medical documentation throughout the record supporting his conclusions. Tr. 1255-56.

The Court therefore finds the ALJ offered sufficient clear and convincing reasons for discounting Plaintiff's subjective reports regarding her physical and mental health complaints.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 7

B. **Medical Opinions**.

Plaintiff challenges the ALJ's rejection of medical opinions of treating doctor J. Merrill-Steskal, examining doctor M. Pellicer, examining doctor W. Drenguis while the ALJ gave great weight to non-examining sources, particularly Dr. E. Schmitter. For claims such as this one filed on or before March 27, 2017, when a treating physician's opinion is contradicted by another physician, the ALJ may reject the treating physician's opinion for "specific and legitimate reasons" based on substantial evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion by citing "clear and convincing" reasons. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). In both cases, the ALJ is required to do more than offer his own conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

1. *Dr. Schmitter.*

Plaintiff complains that the ALJ erred by affording Dr. Schmitter's opinion too much weight as a non-examining source. The ALJ gave Dr. Schmitter's testimony and opinions significant weight because Dr. Schmitter's opinions are supported by the entire record and his conclusions are consistent with that record. TR 1257. The Court finds that the ALJ's reliance on Dr. Schmitter's opinion and testimony is reasonable and sufficiently supported in the ALJ's decision.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 8

### 2. *Dr. Drenguis.*

The ALJ gave little weight to Dr. Drenguis's opinions. The ALJ found after a review of the treatment records that the opinions in question conflicted with Dr. Drenguis's own observations as a treating physician. Tr. 1257. The Court finds that the ALJ provided specific and legitimate reasons supporting the weight afforded to Dr. Drenguis's opinion.

### 3. *Dr. M. Pellicer.*

The ALJ likewise gave Dr. M. Pellicer's opinion little weight. The ALJ noted that the Dr. Pellicer's specific limitations were not supported by Dr. Pellicer's findings, citing examples of the conflict. Tr. 1257. Further the ALJ found that the limitation for additional breaks was vague, both in the number and length of breaks needed as well as the rationale for why additional breaks would be needed. Tr. 1257-58. However, the ALJ found that limitations regarding standing and walking were consistent with the record and so the ALJ assigned those limitations more weight. Tr. 1258. The Court finds that the ALJ provided specific and legitimate reasons supporting the weight afforded to Dr. Pellicer's opinions.

### 4. *Dr. J. Merrill-Steskal.*

The ALJ afforded the opinion Dr. Merrill-Steskal[1] little weight. The ALJ found that clinical findings did not support Dr. Merrill-Steskal's assessment, nor did Dr. Merrill-Steskal provide explanation of the basis of the limitations. Tr. 1259. The ALJ provided detailed support for his conclusions. *Id*. The Court finds that the ALJ provided specific and legitimate reasons supporting the weight afforded to Dr. Merrill-Steskal's opinion.

---

[1] The ALJ's opinion and the indexing on the Administrative Record inaccurately refer to Dr. Merrill-Steskal as Dr. Strebel and Dr. Stebel.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 9

C. **Step Five.**

Plaintiff challenges the ALJ's reliance on job numbers provided by the Vocational Expert [VE], arguing that the VE's job numbers deviated from his purported source. Defendant counters that Plaintiff forfeited such a claim because Plaintiff failed to challenge the job numbers at the administrative level. "[A] claimant must, at a minimum, raise the issue of the accuracy of the expert's estimates at some point during administrative proceedings to preserve the challenge on appeal in federal district court." *Shaibi v. Berryhill*, 883 F.3d 1102, 1103 (9th Cir. 2017). Claimants forfeit challenge to the job numbers when they fail entirely to challenge a vocational expert's numbers. *Id* at 1109.

> It is enough to raise the job-numbers issue in a general sense before the ALJ. A claimant may do so by inquiring as to the evidentiary basis for a VE's estimated job numbers, or inquiring as to whether those numbers are consistent with the CBP, OOH, or other sources listed in 20 C.F.R. § 404.1566(d). If that is done, an ALJ, on request, ordinarily would permit the claimant to submit supplemental briefing or interrogatories contrasting the VE's specific job estimates with estimates of the claimant's own.

*Shaibi v. Berryhill*, 883 F.3d 1102, 1110 (9th Cir. 2017). During the administrative hearing counsel briefly addressed the evidentiary basis for the vocational expert's job numbers:

> Q:    For these jobs, I use the SkillTRAN job browser pro; is that what you use, or do you use a different job methodology?
>
> A:    I've used it, yeah, job browser pro.
>
> Q:    Okay.
>
> A:    Yeah.

Tr. 1282. Though brief, counsel addressed the evidentiary basis for job numbers before the ALJ. However, counsel did not seek leave to supplement the record,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 10

submit supplemental briefing, or interrogatories to alert the ALJ of a possible issue with the job numbers.  The questioning at the hearing gave no indication that claimant intended to challenge the job numbers.  Claimant raised no issues with the VE's testimony that would have triggered the ALJ to *sua sponte* investigate or resolve the conflict.  *Ford v. Saul*, 950 F.3d 1141, 1160 (9th Cir. 2020).  "[I]n the absence of any contrary evidence, a [vocational expert's] testimony is one type of job information that is regarded as inherently reliable; thus, there is no need for an ALJ to assess its reliability."  *Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017).

## VIII.  CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error.  Accordingly, **IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.

4. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED February 22, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE